UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LORRAINE MILLER                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:23-CV-459-DPJ-FKB

SHELLPOINT MORTGAGE SERVICING                                              DEFENDANT

ORDER

Plaintiff Lorraine Miller, proceeding pro se, asks this Court for a preliminary injunction [6] and for an entry of default (or perhaps a default judgment) [11] against Defendant Shellpoint Mortgage Servicing. She also asks the Court to expedite its ruling on her injunction request ("Motion to Move Forward on Injunction Filed and Pending" [10]; "Motion to Move on Pending Emergency Injunction," [12]). Because Miller hasn't complied with the rules governing service of process, the Court denies relief on all three motions for lack of personal jurisdiction.

I.     Facts and Procedural History

Miller sued in July 2023 alleging various wrongdoings by Shellpoint, which manages a mortgage on a property she holds in Jackson, Mississippi. Compl. [1]. The same day she filed her Complaint, she also moved for injunctive relief, essentially to stop Shellpoint from demanding payments while her civil action unfolded. Mot. [6].

When the Court granted Miller's motion to proceed in forma pauperis [2], it explained how she should serve process on Shellpoint:

> IT IS, THEREFORE, ORDERED that the Clerk of Court mail to Plaintiff the appropriate summons forms. The Plaintiff shall prepare summons for issuance to all named defendants, giving the full and complete address of each defendant. Plaintiff is directed to return the summons to the Clerk of Court for issuance of process. The United States District Clerk shall then attach a copy of the Complaint to each summons form and issue process to the defendants requiring a response. The United States Marshal is directed to serve same upon the defendants pursuant to 28 U.S.C. § 1915(d).

July 31, 2023 Order [7]. The Clerk's office promptly mailed the summons forms to Miller, and the summons [8] issued on August 4. The address used for Shellpoint was 55 Beattie Place, the South Carolina address Miller supplied in her Complaint, though omitting the city.

On August 11, the process server went to Shellpoint's office, where according to the return of service [9] a receptionist accepted the process. This return was filed August 14, and the Court's docket noted Shellpoint's answer was due September 1. That date came and went without any word from Shellpoint. On September 7, Miller filed her "move ahead" motion and her "Motion for Entry of Default Judgment."

II.     Standards

Before the Court can order injunctive relief or a default, it must have personal jurisdiction over the defendant. *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (default); *Enter. Int'l, Inc. v. Corp. Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985) (injunction) (citing 7 J. Moore, J. Lucas & K. Sinclair, Jr., *Moore's Federal Practice* ¶ 65.03[2], at 65–33 n.13 (1985)). "[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe*, 242 F.3d at 324 (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

Shellpoint is a limited-liability company (LLC).[1] Federal Rule of Civil Procedure 4(h) applies to service of process on LLCs. *Dow Disaster Restoration, LLC v. Favre*, No. 1:20-CV-155-LG-RPM, 2020 WL 8409097, at *2 (S.D. Miss. Sept. 1, 2020). That rule provides two ways of serving an entity located in a judicial district of the United States: either "by delivering a copy

---

[1] Exhibits filed by Miller show that Shellpoint is the d/b/a name of Newrez, LLC. Att. [5-4] at 2.

2

of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or else in the same manner that Rule 4(e)(1) provides for service on an individual. Fed. R. Civ. P. 4(h). Under Rule 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

The remarks entered on the return of service say: "Tammy Foster (Receptionist) with Shellpoint Mortgage was served due to Cheryl Rathke being out of the office who is the paralegal for the office. Tammy Foster was served at 75 Beattie Place Suite 300 Greenville, SC 29601 which is the correct address for the company."[2] Ret. [9] at 1.

Given its affirmative duty to determine personal jurisdiction, the Court agrees with the holdings of other courts that, at least without some proof of her authority, "a receptionist is not the sort of managerial agent who can accept service" under Rule 4(h)(1)(B). *Juarez v. Mann Bracken, LLC*, No. 4:09-CV-00129, 2009 WL 10666069, at *1 (S.D. Iowa July 7, 2009); *see also Jones v. Cult Awareness Network*, No. 92-2241, 1993 WL 62184, at *1 (D.D.C. Feb. 26, 1993). *Cf. Hilton v. Madison Cnty. Rd. Dep't*, No. 3:05-CV-59BN, 2005 WL 8172233, at *3 (S.D. Miss. Oct. 17, 2005) (holding service upon county's receptionist insufficient under Rule 4(j)(2)) (citing *Ritchie v. Rhodes*, No. 2:02-CV-222, 2003 WL 124136, at *2 (S.D. Ohio Jan. 9, 2003)).

Nor does Rule 4(e)(1) assist Miller. The South Carolina rule for serving corporate entities closely tracks the federal Rule 4(h)(1)(B). S.C.R. Civ. P. 4(d)(3); *see Chicago Title Ins.*

---

[2] In a 2022 letter among Miller's voluminous exhibits, Shellpoint's letterhead does give its address as 55 Beattie Place as alleged in the Complaint. Att. [3-21] at 1. By 2023, its letterhead uses 75 Beattie Place. Att. [5-18] at 1.

*Co. v. Pierce L. Firm*, No. 4:11-CV-2498, 2012 WL 4478969, at *1 (D.S.C. Sept. 28, 2012). South Carolina law puts the burden on the serving party (Miller) to show that the person served had authority to accept service, and "[w]ithout specific authorization to receive process, service is not effective when made upon an employee of the defendant, such as a secretary." *Moore v. Simpson*, 473 S.E.2d 64, 67 (S.C. Ct. App. 1996); *see Graham L. Firm, P.A. v. Makawi*, 721 S.E.2d 430, 433 (S.C. 2012) (noting "agent's high level of actual or apparent responsibility suffices to permit service to be effective as against the principal").[3]  Nothing shows that the Shellpoint receptionist had "high level" authority, and the burden to demonstrate personal jurisdiction is on Miller. *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995) (citing *Wilson v. Belin*, 20 F.3d 644, 647–48 (5th Cir. 1994)).

For these reasons, Miller has not shown that the Court has personal jurisdiction over Shellpoint.  Thus, the Court cannot grant relief against Shellpoint.  Miller's motions must be denied, though without prejudice to her raising them later if Shellpoint is properly served.

The Court also orders Miller to provide the Clerk's office, in writing, with the correct address for Shellpoint's registered agent for service of process in Mississippi within fourteen days of this Order.  While the law provides for the Court to furnish service of process due to Miller's IFP status, it still "is Plaintiff's responsibility to find and to provide Defendant's agent for service and correct address for the summons, so that service of Plaintiff's complaint and summons may issue; it is not the clerk's office['s] responsibility to research and supply this

---

[3] The *Makawi* court did cite *Richardson v. P.V., Inc.*, 682 S.E.2d 263 (S.C. 2009), which held that a hotel receptionist had apparent authority to accept service because she was the only employee in the office, thus "represent[ing] to third parties that she was in charge." *Makawi*, 721 S.E.2d at 433.  The Court finds that, even presupposing a hotel receptionist to be a person of some "high level of actual or apparent responsibility," *Makawi*, 721 S.E.2d at 433, the same does not apply to an ordinary office receptionist who accepts process because another employee stepped out.

4

information." *Ali v. Checler, Inc.*, No. 4:21-CV-00539, 2022 WL 17728869, at *1 (E.D. Tex. May 12, 2022) (IFP plaintiff) (citing among others *Hancock v. Cothern*, No: 3:10-CV-173-LRA, 2010 WL 4665567, at *2 n.12 (S.D. Miss. Nov. 9, 2010) (advising pro se plaintiff of his own "ultimate responsibility to find a current address for [the defendant]" and that "[t]he failure to have [the defendant] served may result in the dismissal of the Complaint against him")).

If Miller does supply that address, the Clerk of this Court is then directed to attach a copy of the Complaint to the correctly addressed summons and issue correct process on Shellpoint. The United States Marshal is then directed to serve the process upon Defendant pursuant to 28 U.S.C. § 1915(d). If Miller does not provide the correct address, she must remember that her suit risks being dismissed for failure to serve process within 90 days after the date she filed the Complaint. Fed. R. Civ. P. 4(m).

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. Miller's motions for preliminary injunction [6], expedited relief [10] [12], and entry of default [11] are denied without prejudice. Miller must provide the Clerk of the Court with the correct address for Shellpoint's registered agent for service of process in Mississippi within fourteen days of this Order's entry. If she does so, the Clerk and the United States Marshal are directed to proceed as above.

**SO ORDERED AND ADJUDGED** this the 28th day of September, 2023.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE